**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Civil Action Number:

JUAN CARLOS GIL,

      Plaintiff,

vs.

TILLY'S, INC.
DBA WORLD OF JEANS AND TOPS

      Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff Juan Carlos Gil, by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Tilly's, Inc. for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36 and pursuant to the Electronic Communications Privacy Act 18 U.S.C. §2510 et. al., and the tort of trespass, and alleges as follows:

### INTRODUCTORY STATEMENT

1.    Plaintiff Juan Carlos Gil brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Tilly's Inc.'s website  (which is an extension of its retail stores) throughout the United States of America, where the groundbreaking "American with Disabilities Act" has been the law of the land since 1992.

1

2.      Title III of the ADA has been extended to apply to websites. Specifically, the Honorable Bryan F. Foster held on March 3rd, 2016 that the ADA applied to websites where the plaintiff had demonstrated "he was denied full and equal enjoyment of the goods, services, privileges, and accommodations offered by defendant [via its website] because of his disability."[1]

3.      Companies operating on the internet twenty years (20) after consumers started using the internet to better their lives have to make decisions on whether to be inclusive, or to exclude visually-impaired people. [2]

4.      When the operators of a website do not take steps necessary to notice people of their website's limitations or to provide programming that works (interfaces) with universal screens readers[3], they are not only marginalizing the visually impaired community, but they are actively excluding them from their business, which in fact segregates the disabled into being non-participants, ie: second-class citizens.

5.      When websites are not fully accessible to all, it's essentially a bad business practice, a detriment to their stakeholders, the visually-impaired, and society.

6.      For visually-impaired individuals (whose population is expected to double by 2050), it is essential that they are not excluded from society and segregated in the area of web commerce.

---

[1] *Davis v. Bmi/Bnd Travelware,* 2016 Cal. Super. LEXIS 217 (2016).

[2] Introduction of the Netscape Browser for consumers in 1996

[3] A "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

7.      This case arises out of the fact that Defendant Tilly's Inc. has operated its business in a manner and way that completely excludes individuals who are visually impaired from enjoying and accessing Defendant's website www.tillys.com.

8.      Defendant Tilly's Inc. (also referenced as "Defendant") owns and operates places of public accommodation which are casual clothing, shoes, and accessory retail stores under the brand name "Tilly's." Tilly's stores offer for sale to the general public a wide variety of clothing[4], sports equipment[5], shoes, home décor[6], cameras, and jewelry and clothing accessories[7]. Heretofore, referenced as "Tilly's merchandise."

9.      Defendant offers an adjunct website www.tillys.com ("website") which is directly connected to its Tilly's retail stores, since the website provides a site locator to Defendant's Tilly's physical store locations (places of public accommodation). Thus, www.tillys.com ("website") has a true nexus to Defendant's Tilly's retail stores.

10.     This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices, to include measures necessary to ensure compliance with federal law, to include monitoring of such measures, and to update and remove accessibility barriers on Defendant's www.tillys.com website so that Plaintiff Gil (and other individuals who are visually impaired and who cannot access and comprehend the websites that operate therein without the aid of assistive technology) will be able to independently and privately use Defendant's www.tillys.com website.

11.     This complaint also seeks compensatory damages to compensate Plaintiff Gil for having been subjected to unlawful discrimination violations of privacy, trespass,

---

[4] Including over fifty branded names such as Adidas, Nike, Converse, Roxy and Vans
[5] Skateboards, surfboards, etc.
[6] Bedding, towels, décor items
[7] scarves, socks, posters, hats, pins and patches

and have been subject to invasion of privacy, and trespass by Defendant as a result thereof.

## JURISDICTION & VENUE

12.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, 28 C.F.R. § 36.201 which includes equal access to internet website for services to order Tilly's merchandise online.

13.     This is also an action pursuant to Electronic Communications Privacy Act 18 U.S.C. §2510 et. Seq.

14.     This is also an action with supplemental jurisdiction over related state law claim pursuant to 28 U.S.C. §1367.

15.      State law provides for declaratory and injunctive relief to prevent the continuing act of trespass against the Plaintiff's personal property (his personal computer). Remedies provided under common law for trespass are not exclusive, and may be sought connection with suits brought under the ADA.

16.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is conducting, business within the within the jurisdiction of this court by virtue of the fact its website is available to the general public within this district and the acts constituting the violation of the ADA occurred in this District. Further, several of the Defendant's Tilly's stores are located in the district.

17.     Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## THE PARTIES

**Juan Carlos Gil**

18.     Plaintiff Juan Carlos Gil (also referenced as "Plaintiff") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

19.     Plaintiff Juan Carlos Gil is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 C.F.R. §§s 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).   Juan Carlos Gil suffers from cerebral palsy and optic nerve damage; as such, he is legally blind. Therefore, Juan Carlos Gil is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance.

20.     Plaintiff Gil cannot use the computer without the assistance of screen reader software.

**Tilly's Inc.**

21.     Defendant Tilly's Inc. (also referenced as Defendant) is the owner and operator of a chain of clothing, shoe, and accessory retail stores under the brand name "Tilly's." Tilly's offers one of the largest assortment of popular and trendy brands of clothing, shoes, sports equipment, and accessories available both in its Tilly's stores and online at www.tillys.com.   Tilly's, Inc. opened its first store in 1982 in Southern California, and now has over 200 Tilly's stores throughout the United States with plans for expansion to 500 locations. Tilly's stores have an average size of 7,200 square feet

usually take up two or three store spaces in malls and shopping centers where they are located.

## FACTS

22.     Defendant is defined as a "public accommodation" because it is an entity which owns and operates, a chain of clothing, shoe and accessory retail stores under the brand name "Tilly's," each of which is a "Place of Public Accommodation" which is defined as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2). Each of Defendant's Tilly's retail stores are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36. Defendant's Tilly's retail stores are also referenced throughout as "place(s) of public accommodation," "Tilly's stores."

23.     One of the functions of Defendant's website www.tillys.com ("website") is to provide the general public information on the various locations of Defendant's Tilly's stores throughout the United States and within the state of Florida.

24.     Defendant owns and/or operates twenty one Tilly's stores in the state of Florida. Defendant's website www.tillys.com services the various Tilly's store locations represented by its physical sales locations and supports Tilly's merchandise sold by providing information on each of the store locations where Tilly's merchandise is available for sale to the general public.  The website also provides general information of Tilly's merchandise and in so doing supports Tilly's merchandise sold through retail stores.

25.     Since Defendant's website allows the general public the ability to locate one of the many Tilly's retail store locations, the website is an extension of the physical Tilly's stores.   Hence there is a direct nexus between the www.tillys.com website and Defendant's Tilly's stores, hence the website is characterized as a place of public accommodation; 42 U.S.C. § 12181(7)(E).

26.     The website also allows the general public access to purchase online a wide range of Tilly's merchandise. As such, the website is a sales establishment, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(E) and must comply with the ADA. This means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public.   As such, the Defendant has subjected itself and the website it has created and maintains, to the Americans with Disabilities Act ("ADA").[8]

27.     Plaintiff Juan Carlos Gil is a customer who is interested in purchasing Tilly's merchandise which is offered in Tilly's store Dolphin Mall location close to his home and offered and through Defendant's www.tillys.com website.

28.     The opportunity to shop and compare from a huge assortment and variety of popular brand-name merchandise from Tilly's website from his home is an important accommodation for the Plaintiff, because traveling outside the home as a blind individual is a difficult and frightening experience.

_____

[8] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

29.     Plaintiff Juan Carlos Gil frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Juan Carlos Gil uses commercially available screen reader software to interface with the various websites.

30.     Buying and ordering clothing, shoes, and accessories from Tilly's website (online) and having those purchases delivered to one's home is an important accommodation that helps improve the lives of vision impaired people such as the Plaintiff (and thousands of others like him), and helps them integrate and participate in society.

31.     Like most of us, Plaintiff Juan Carlos Gil accesses several websites at a time to compare merchandise and prices. When shopping online, Plaintiff Gil may look at several dozen websites to compare styles, location and prices.  Plaintiff Juan Carlos Gil is interested in purchasing famous name brand clothing and accessories available from Tilly's.  Plaintiff Juan Carlos Gil had heard about the Tilly's retail store at the Dolphin Mall in Miami Florida and decided to shop online to learn about the Tilly's merchandise through its website, www.tillys.com.

32.     During the month of July 2016, the Plaintiff attempted on several occasions to utilize Defendant's website to browse through the merchandise to educate himself as to the Tilly's merchandise with the intent of making a purchase. The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

33.     However, Defendant's website did not integrate with Plaintiff's screen reader software, nor was there any function within Defendant's website to permit access for visually impaired through other means.

34.     Defendant's website contains access barriers that prevent free and full use by visually impaired individuals using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: the lack of alt-text on graphics, inaccessible forms, the lack of adequate prompting and labeling; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

35.     Defendant's website also lacks prompting information and accommodations necessary to allow visually impaired individuals who use screen reader software to locate and accurately fill-out online forms to purchase Tilly's merchandise. On a shopping website such as www.tillys.com, fields that specify the number of items desired, and fields used to fill-out personal information, including address and credit card information. Due to the lack of adequate labeling, visually impaired customers cannot easily make purchases or inquiries as to Tilly's merchandise, nor can they enter their personal identification and financial information with confidence and security.

36.     The Plaintiff attempted to locate any type of *Accessibility Notice*, any link[9], or any information relating to the website's future accessibility plans or information

---

[9] **hyperlink**, or simply a link, is a reference to data that the reader can directly follow either by clicking, tapping, or hovering. A **hyperlink** points to a whole document or to a specific element within a document.

regarding contacting Defendant to alert Defendant to the inaccessibility of its website www.tillys.com[10].

37.     The fact that Plaintiff Gil could not interface with Defendant's www.tillys.com website left him feeling excluded, as he was unable to participate in the shopping experience online at the www.tillys.com website as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

38.     Plaintiff Juan Carlos Gil and others of low vision want to patronize the www.tillys.com website, but are unable to do so due to their vision impairment because the website has not been designed to accommodate low vision people.  Thus, the Plaintiff and others will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by this Court.

39.     Defendant's website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

40.     Defendant's website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

41.     Defendant's website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website

---

[10] Other online retailers have taken steps  to notice and inform disabled users of their website programming plans and have direct email / toll free numbers to enable contact with the retailer e.g.
http://www.starbucks.com/about-us/company-information/online-policies/web-accessibility
http://www.tiffany.com/Service/Accessibility.aspx?isMenu=1&
http://www.potbelly.com/Company/Accessibility.aspx
https://www.dennys.com/accessibility/

contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

42.     On information and belief, Defendant has not initiated a Web Accessibility Policy to insure full and equal use of the Tilly's website by individuals with disabilities.

43.     On information and belief, Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

44.     On information and belief, Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

45.     On information and belief, Defendant has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

46.     On information and belief, Defendant has not instituted a User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

47.     On information and belief, Defendant has not instituted a Bug Fix Priority Policy.

48.      On information and belief, Defendant has not instituted an Automated Web Accessibility Testing program.

49.     On information and belief, Defendant has not created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

50.     On information and belief, Defendant has not created and instituted on its website a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how Defendant will have its website, Applications, and Digital Assets accessible to the visually impaired community.

51.     On information and belief, Defendant's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[11].

52.     On information and belief, Defendant does not have a Web Accessibility Policy.

53.     On information and belief, Defendant has not disclosed to the public any intended audits, changes, or lawsuits to correct the inaccessibility of their website for visually impaired individuals who want the safety and privacy of purchasing Tilly's merchandise online from their homes.

54.     Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through its www.tillys.com website.

55.     Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

---

[11] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

56.     Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

57.     For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society with safety and in dealing with terms of their disability.

58.     The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites, such as Defendant's website, where they have a direct connection.

59.     On information and belief, the Defendant is aware of these common access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend its website to become informed of its Tilly's merchandise available in its Tilly's stores and available for purchase online.

60.     On information and belief, the Defendant is aware of need to provide full access to all visitors of the Website.[12]

61.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

62.     Such barriers result in punishment and isolation of blind and low vision from the rest of society.

---

[12] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g. (www.internetretailer.com/2016/04/01/web-accessibility-what-e-retailers-need-know) (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance)

63.     Thus, the Defendant has refused to make its website accessible to individuals with disabilities who are visually impaired.

64.     According to Statistic Brain Research Institute[13], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online stores such as www.tillys.com and have made an internet purchase, while 57% of Americans that have browsed online stores have made a purchase multiple times.

65.     According to the National Federation for the Blind[14], there are over seven million Americans with visual disabilities, and there are over half a million people with visual disabilities living within the state of Florida.

66.     Defendant has failed to provide any mechanism by which to adequately serve visually impaired individuals such as the Plaintiff. Defendant is operating in violation of Plaintiff Juan Carlos Gil's rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

67.     Plaintiff Juan Carlos Gil has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

68.     Plaintiff Juan Carlos Gil and others will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

---

[13] US Commerce Department, Forrester Research date: October 9, 2014, See
http://www.statisticbrain.com/total-online-sales/
[14] Statistics for 2012, see http://www.NFB.org/blindness-statistics

69.     Notice to Defendant is not required as a result of Defendant's failure to cure the violations.

70.     Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§s 2201, 2202.

71.     The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## FACTUAL ALLEGATIONS SPECIFIC TO PRIVACY AND TRESPASS

72.     Plaintiff Juan Carlos Gil utilizes his personal computer to access websites such as Defendant's www.tillys.com website. Plaintiff Gil uses his personal computer as a method of conveyance of his personal information. As such, Plaintiff Gil stores his personal information and retains his browsing history on his personal computer.

73.     Throughout the www.tillys.com website, Defendant has programed *browser cookies* to collect personal information on the website's users (such as Plaintiffs and Class Members).

74.     *Browser cookies* are small pieces of data sent from a website and stored in a user's web browser while the user is browsing. They can be used to remember arbitrary pieces of information that the user previously entered into form fields such as names, passwords, and credit card numbers.

75.     The Defendant's *Privacy Policy* informs the website user that any individual who accesses the website and commences to shop on that website is subject to having his/her personal information collected or stored using these *browser cookies*. According to the Defendant's website, the Defendant takes and stores information

regarding the website user's Web browser, operating system, Internet Service Provider, IP address, browser history, other usage information associated with username, and other personal information.   The Defendant states that it shares this information with third parties which it does not name, and that it uses this information for marketing and advertising.  The *Privacy Policy* also states if Tilly's is merged, acquired, or sold, or in the event of a transfer of some or all of their assets, the website user's collected personal information and Usage Data may be disclosed or transferred.

76.     According to Defendant's  website, the information collected is stored on the Defendant's servers. Under the heading *Security and Credit Card Safety,* the Defendant  states that it employs 'industry standard techniques' to keep the user's personal information secure. However the Defendant has posted a disclaimer for any potential security breach by stating: "we cannot and do not guarantee the security of any information you transmit on or through the Sites, and you do so at your own risk."

77.     The Plaintiff is unable to comprehend the Defendant's *Privacy Policy* because of the inaccessibility of the website.  The Plaintiff has/had no choice, and therefore no knowledge, of the Defendant's policy toward collection of the website user's browsing history and analytics placed on the user's computer.

78.     As such, through its www.tillys.com website, Defendant has committed a trespass against the Plaintiff since the website uses software analytics to farm the Plaintiff's personal data stored on his and farm the personal browsing history of the Plaintiff as stored on the Plaintiff's computer.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

79.     Plaintiff Juan Carlos Gil re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-71 above.

80.     The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[15].

81.     As a result of the inaccessibility of Defendant's website and by the barriers to access in its website (when removal of those barriers is readily achievable), Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that Defendant has made available to the general public on its website www.tillys.com, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

82.     Pursuant to 42 U.S.C. §12181(7)(E), www.tillys.com (Defendant's website) is a *place of public accommodation* under the ADA because it provides the general public with the ability to purchase Tilly's merchandise online and have those items available for pick up or delivered to one's home. Further, the www.tillys.com website also serves to augment Defendant's Tilly's stores by providing the general public information on the various locations of Tilly's stores and to educate the general public as to the line of Tilly's merchandise sold on www.tillys.com and through Tilly's stores.

---

[15] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

83.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

84.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

85.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

86.     As such, Defendant's website must be in compliance with the ADA. However, Defendant's website is\was not in compliance with the ADA.  Plaintiff Juan Carlos Gil has suffered an injury in fact because of the website's (and Defendant's) non-compliance with the ADA.

87.     Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and *Programing Alert Error Types* ("PATs"), which are prone to making the website inaccessible.

88.     A sampling review of just part of Defendant's website revealed that the website is not functional for users who are visually impaired.  Defendant's website contains several types of PETs (easily identifiable and correctable), which occur throughout the website such as:

      1)  The language of the document is not identified,
      2)  Image alternative text is not present, and
      3)  A form control does not have a corresponding label.

89.     Further, Defendant's website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

      1)  Alternative text is likely insufficient or contains extraneous information,
      2)  An event handler is present that may not be accessible,
      3)  A heading level is skipped,
      4)  Flash content is present,
      5)  Adjacent links go to the same URL,
      6)  A link contains no text, and
      7)  Alternative text is likely insufficient or contains extraneous information.

90.     More violations may be present on other pages of the website, and they will be determined and proven through the discovery process.

91.     Further, Defendant's website did\does not offer include the universal symbol for the disabled[16] which would permit disabled individuals to access the website's accessibility information and accessibility facts.

92.     Therefore, due to the Plaintiff's disability and Defendant's failure to have its website adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend Defendant's website.

93.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their websites accessible. Examples of such guidelines include (but not limited to) adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make Defendant's www.tillys.com website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to Defendant.

94.     Defendant has violated the ADA (and continues to violate the ADA) by denying access to www.tillys.com to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites.  These violations within the www.tillys.com website are ongoing.

_____

[16]  , or HTML "Accessibility" link for those individuals who are visually impaired

95.     As a result of Defendant's inadequate development and administration of www.tillys.com, Plaintiff Juan Carlos Gil is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

96.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Juan Carlos Gil injunctive relief; including an order to:

   a) Require Defendant Tilly's Inc. to adopt and implement a web accessibility policy which can be directly linked from the homepage of www.tillys.com to a statement as to Tilly's Inc.'s policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its website, and

   b) Require Defendant Tilly's Inc. to take the necessary steps to make www.tillys.com website readily accessible to and usable by accessible visually impaired users, and during that time period prior to the www.tillys.com website's being readily accessible, to provide an alternative method for individuals with visual impairments to access the information available on the www.tillys.com website, until such time that the requisite modifications are made.

97.     Plaintiff Juan Carlos Gil has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff Juan Carlos Gil is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Tilly's Inc.

## COUNT II – VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT

98.     Plaintiff Juan Carlos Gil re-alleges and incorporates by reference the allegations set forth in ¶¶s 1–78 above.

99.     The Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510, ("ECPA") regulates wire and electronic communications interception and interception of oral communications. Within the meaning of 18 U.S.C. § 2511(1), it is unlawful for a person to: intentionally intercept, endeavor to intercept, or procure . . . any other person to intercept or endeavor to intercept any wire, oral, or electronic communication.

100.    Defendant violated 18 U.S.C.§2511 by intentionally acquiring and/or intercepting (through the www.tillys.com website), by device or otherwise, Plaintiff Gil's electronic communications, *without knowledge*, consent, or authorization.

101.    Defendant did not obtain any permission[17] from Plaintiff to install any electronic software on his computer.

102.    Defendant did not obtain any permission[18]  from Plaintiff to install any analytic devices on his computer.

103.    The contents of data transmissions from and to Plaintiff's personal computer constitutes "electronic communications" within the meaning of 18 U.S.C. §2510.

104.    Plaintiff Juan Carlos Gil is a "person whose  . . . electronic communication is intercepted . . . or intentionally used in violation of this chapter" within the meaning of 18 U.S.C. § 2520.

105.    Defendant violated 18 U.S.C. § 2511(1)(a) by intentionally intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept the Plaintiff's electronic communications when the Plaintiff navigated (and attempted to comprehend) the www.tillys.com website.

---

[17] Implied or otherwise
[18] Implied or otherwise

106.    Defendant violated 18 U.S.C. § 2511(1)(c) by intentionally disclosing, or endeavoring to disclose, to any other person, the contents of the Plaintiff's electronic communications, knowing or having reason to know that the information was obtained through the interception of the Plaintiff's electronic communications.

107.    Defendant violated 18 U.S.C. § 2511(1)(d) by intentionally using or endeavoring to use, the contents of the Plaintiff's electronic communications, knowing of having reason to know that the information obtained through the interception of the Plaintiff's electronic communications.

108.    Defendant's intentional interception of these electronic communications was without the Plaintiff's knowledge, consent, or authorization and was undertaken without a facially valid court order or certification.

109.    Defendant unlawfully accessed and used the contents of the intercepted communications. On information and belief, such use included the enhancement of Defendant's profitability and revenue.

110.    The Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2520(a) provides a civil cause of action to "any person whose wire, oral, or electronic communications is intercepted, disclosed, or intentionally used" who is in violation of the ECPA.

111.    The Defendant is liable directly and/or vicariously for this cause of action. Plaintiff Juan Carlos Gil therefore seek remedy as provided for by 18 U.S.C. § 2520, including such preliminary and other equitable or declaratory relief as may be appropriate damages consistent with subsection (c) of that section to be proven at trial, punitive

damages to be proven at trial, and reasonable attorney's fees and other litigation costs reasonably incurred.

112.    Plaintiff Juan Carlos Gil has additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy.

113.    Pursuant to 18 U.S.C. § 2520, Plaintiff Juan Carlos Gil is entitled to preliminary, equitable, and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 per day for each day of violation, actual and punitive damages, reasonable attorneys' fees, and Defendant's profits obtained from the above described violations. Unless restrained and enjoined, Defendant will continue to commit such acts. Plaintiff Juan Carlos Gil's remedy at law is not adequate to compensate him for these inflicted and threatened injuries, entitling the Plaintiff to remedy including injunctive relief as provided by 18 U.S.C. § 2510.

## COUNT III – TRESPASS

114.    Plaintiff Juan Carlos Gil re-alleges and incorporates by reference the allegations set forth in ¶¶s 1–78 above.

115.    Plaintiff Gil's tangible personal property, being his computer and the personal information and browsing history stored therein, has suffered a trespass by the Defendant on each and every date that the Plaintiff accessed Defendant's www.tillys.com website.   Plaintiff Gil's personal information has suffered a trespass due to the employment of software analytics by the Defendant which are present on the Defendant's www.tillys.com website which the Plaintiff has navigated.

116.    Plaintiff Gil did not consent to the gathering of personal information and browsing.

24

117.     The Plaintiff's personal information has suffered a trespass due to the employment of software analytics by Defendant, which are present on Defendant's www.tillys.com website, which Plaintiff had navigated.

118.     Plaintiff was unaware of the information gathering by the Defendant as outlined in its *Privacy Policy* delineated on its www.tillys.com website,  due to his inability to comprehend the website.

119.     Plaintiff did not consent to the gathering of his personal information and browsing history, therefore the Defendant has committed a trespass against the Plaintiff.

120.     By engaging in the acts alleged in this complaint, without authorization or consent of Plaintiff, Defendant has dispossessed Plaintiff from use and/or access to his computer, or parts of his computer. Further, these acts impaired the use, value, and quality of Plaintiff's computer.

121.     Defendant's acts constituted an intentional interference with the use and enjoyment of Plaintiff's computer. By Defendant's acts as delineated herein, Defendant has repeatedly and persistently engaged in trespass to personal property in violation of the common law.

122.     The intentional intermeddling with personal property in possession of another which results in the deprivation of the use of the personal property or impairment of the condition, quality, or usefulness of the personal property is prohibited by principles of common law.

123.     By engaging in the acts of farming the Plaintiff's computer for data using various analytics as alleged in this action without the knowledge, authorization, and/or consent of the Plaintiff, Defendant has dispossessed the Plaintiff from use and/or access

of his computer (or parts thereof).  Further, the acts of Defendant impaired the use, value and quality of the Plaintiff's computer.

124.    Defendant's acts constituted an intentional interference with the use and enjoyment of the Plaintiff's computer.

125.    By the acts described herein, Defendant has repeatedly and persistently engaged in trespass of Plaintiff's personal property in violation of the common law.

126.    Defendant did knowingly, intentionally, and without the consent of the Plaintiff access Plaintiff's property and caused injury to the Plaintiff.

127.    By virtue of the fact that the Plaintiff was unaware of the use of cookies and analytics when he navigated Defendant's www.tillys.com website, Defendant engaged in deception and concealment in order to gain access to the Plaintiff's computer and personal information.

128.    In order to gain access to Plaintiff's computer and personal information, Defendant has engaged in deception and concealment. Defendant's installation, operation, and execution of  browser history sniffing code (through *cookies*, *web beacons*, and the Plaintiff's IP address) interfered and/or intermeddled with the Plaintiff's computer, including by circumventing controls which were designed to prevent the information collection effected by the Defendant. Such use, interference and/or intermeddling was without consent, or in the alternative, in excess of consent.

129.    The Defendant's installation, operation, and execution of browser history sniffing codes through *cookies* and *web beacons*, and the Plaintiff's IP address impaired the condition and value of the Plaintiff's computer.

130.    The Defendant's trespass to chattels, nuisance, and interference caused real and substantial damage to the Plaintiff.

131.    As a direct and proximate result of the Defendant's trespass to chattels, nuisance, and interference and unauthorized access of and intermeddling with the Plaintiff's property the Defendant has injured and impaired on the condition and value of the Plaintiff's computer as follows:

a)    By consuming the resources of an/or degrading the performance of the Plaintiff's computer (including space, memory, processing cycles and internet connectivity);

b)    By diminishing the use of, value, speed, capacity, and/or capability of the Plaintiff's computer;

c)    By altering and controlling the functioning of the Plaintiff's computer;

d)    By devaluing, interfering with, and/or diminishing of the Plaintiff's possessory interest in his computer;

e)    By infringing on Plaintiff's right to exclude others from his computer;

f)    By infringing on the Plaintiffs right to determine (as owner of his computer) which programs should be installed and operated on his computer;

g)    By compromising the integrity, security, and ownership of the Plaintiff's computer; and

h)    By forcing the Plaintiff to expend money time, and resources in order to remove the programs installed on his computer without notice or consent.

132.     For all of the foregoing, Plaintiffs and Class Members have no adequate remedy at law.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Tilly's Inc. and request the following injunctive and declaratory relief:

    a) The Court issue a declaratory judgment that Defendant Tilly's Inc. has violated the Plaintiff's rights as guaranteed by the ADA;

    b) The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Tilly's Inc. from operating its website www.tillys.com without adequate accommodation for the visually impaired community;

    c) The Court enter an Order requiring Defendant Tilly's Inc. to update the www.tillys.com website to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA;

    d) The Court enter an Order requiring Defendant Tilly's Inc. to clearly display the universal disabled logo[19] within its website, wherein the logo would lead to a page which would state the website's accessibility information, facts, policies, and accommodations.  Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of website www.tillys.com;

---

[19] 

e) The Court enter an order requiring Defendant Tilly's Inc. to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto;

f) The Court enter an Order directing Defendant Tilly's Inc. to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the website known as www.tillys.com;

g) The Court enter an Order directing Defendant Tilly's Inc. to establish a policy of web accessibility and accessibility features for the website known as www.tillys.com;

h) The Court to declare that Defendant's actions, as set forth above, violate the: (i) Electronic Communications Privacy Act, 18 U.S.C. § 2510;

i) The Court to declare the *Privacy Policy* as delineated on the website www.tillys.com null and void and rescinded and not applicable to Plaintiff;

j) The Court to declare that the privacy rights of the Plaintiff have been violated by the unwarranted and unauthorized software and analytics that have been placed on Plaintiff's computer without his consent;

k) The Court to restrain, by preliminary and permanent injunction, Defendant Tilly's Inc., its officers, agents, servants, employees, and attorneys, and those participating with them in active concert, from identifying the Plaintiff online, whether by personal or pseudonymous identifiers, and

from monitoring, accessing, collecting, transmitting, and merging with data from other sources any information from or about the Plaintiff, including:

    i.   prohibiting Defendant from engaging in the acts alleged above;

   ii.   requiring Defendant to provide reasonable notice and choice to consumers regarding Defendant's data collection, profiling, merger, and de-anonymization activities;

  iii.   requiring Defendants to disgorge to Plaintiff all of Defendant's ill-gotten gains;

  iv.   requiring Defendant to delete all data from and about Plaintiff that it collected and/or acquired from third parties through the acts alleged above;

   v.   requiring Defendant to provide Plaintiff reasonable means to decline permanent participation in Defendant's collection of data from and about Plaintiff; and

  vi.   awarding Plaintiff full restitution of all benefits wrongfully acquired by Defendant through the wrongful conduct alleged above;

l) The Court to award damages, including statutory damages where applicable, to Plaintiff in an amount to be determined at trial;

m) The Court to award restitution against the Defendant for all money to which Plaintiff is entitled in equity;

n) The Court to award Plaintiff his reasonable litigation expenses and attorneys' fees; pre- and post-judgment interest to the extent allowable; restitution; disgorgement and other equitable relief as the Court deems proper; compensatory damages sustained by Plaintiff, statutory damages, including punitive damages; and permanent injunctive relief prohibiting Defendant from engaging in the conduct and practices complained of herein; and

o) That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 29th day of September, 2016.

Respectfully submitted,

_s/Scott Dinin_
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
_Counsel for Plaintiff_